FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LAWRENCE L. TONG #3040
MICHAEL NAMMAR
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
michael.d.nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  11-00503 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES' MOTION IN |
| | ) | LIMINE REGARDING THE |
| vs. | ) | TESTIMONY OF CASE AGENT |
| | ) | STEVEN CARTER; CERTIFICATE |
| MAHEALANI VENTURA- | ) | OF SERVICE |
| OLIVER, (01) | ) | |
| PILIALOHA K. TEVES, (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

UNITED STATES' MOTION IN LIMINE REGARDING THE TESTIMONY OF
CASE AGENT STEVEN CARTER

The United States of America hereby moves in limine for permission to call

F.B.I. case agent Steven Carter to testify twice during its case-in-chief, so as to present the substantial evidence which he will offer in a simple, easy to understand manner for the jury.  In brief, the Government would like to call SA Carter once to describe his participation in seminars put on by the Defendants, and to authenticate video and audio recordings of those events.  The Government then would like to recall SA Carter at the end of the case, to testify about his investigative work, the seizure of assets including gold coins and cash, and to analyze the financial records of accounts maintained by the Defendants.  The Government believes a bifurcation of his testimony will not prejudice the Defendants, and will allow the case to be presented with greater clarity to the jury.

**I.**     **Background**

On September 1, 2011, the Grand Jury returned a Superseding Indictment that charged, among others, Mahealani Ventura-Oliver and John Oliver with conspiracy, multiple counts of mail fraud, money laundering, and false claims against the United States.  Pilialoha Teves was also charged in the Superseding Indictment with conspiracy and multiple counts of mail fraud.

As described in the Superseding Indictment, the Defendants were associated with a group based in Maui known as the "Hawaiiloa Foundation," "Ko Hawaii Pae Aina," and "The Registry" (collectively HLF).  HLF conducted seminars on

the island of Maui and elsewhere, offering to teach others about Hawaiian history and property rights. Defendants also conducted private meetings with seminar participants, during which they marketed a debt assistance program which they claimed could eliminate mortgage, credit card, and other debt. In return for the payment of a fee that ranged from $1,500 to $10,000, the Defendants promised to teach individuals how to use "bonds" and other legal documents to pay their debts by drawing on fictitious accounts purportedly established for each individual at his or her birth.

After their customers signed up for the program by paying a fee, the Defendants obtained information from their customers about their properties and debts. The Defendants then prepared various "bonds," "bonded promissory notes," and "private money orders" which purported to be issued on their behalf under the authority of the United States Treasury or the State of Hawaii. Defendants thereafter sent or caused their customers to send, via United States mail, these fictitious financial instruments to the United States Treasury, the Federal Reserve Bank, the State of Hawaii, and their creditors, as a purported means of discharging their existing debts.

Trial is currently set for October 1, 2013. At trial, the United States will call F.B.I. case agent Steven Carter. Agent Carter will remain at the Government's

counsel table throughout the trial. As a witness, Agent Carter is anticipated to testify about various matters, including the following: (1) his work in an undercover capacity, during which he attended HLF seminars, and made audio and video recordings; and (2) the overall investigative steps taken during the investigation of HLF, to include gathering evidence, seizing assets, and analyzing financial records for forfeiture purposes.

## II.   Discussion

Given the varied matters to which Agent Carter will testify to at trial, the United States asks this Court for permission to call Agent Carter twice during its case-in-chief. The United States would like to call Agent Carter earlier in its case-in-chief to elicit testimony concerning Agent Carter's work in the undercover capacity. This will permit the jury to see how the seminars were conducted, who spoke, and what was said. This evidence will give the jury a context which will help explain the testimony of approximately 20 victims who went through the HLF seminars and program. Towards the end of its case-in-chief, the United States would like to recall Agent Carter to testify about the overall investigative steps taken during the investigation of HLF, to include gathering evidence and analyzing that evidence for forfeiture purposes.

This Court has discretion regarding the presentation of evidence during

trial. *See* Fed.R.Evid. 611 ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining the truth ). "Permitting the recall of a witness is within the sound discretion of the district court." *United States v. Dent*, 984 F.2d 1453, 1463 (7th Cir. 1993) (abrogated on other grounds by *United States v. Gilbert*, 391 F.3d 882, 884 (7th Cir. 2004)); *Kuhn v. United States*, 24 F.2d 910, 914 (9th Cir. 1928); *see also United States v. Williams-Ogletree*, 2013 WL 66207 at *3 (N.D. Ill. 2013) (granting government's request to recall case agent during case-in-chief "in order to permit the government to present the evidence to the jury in a coherent manner").

Here, the Court should exercise its discretion and allow the Government to call SA Carter twice during its case-in-chief. By doing so, the United States will be able to present the evidence to the jury in a logical and coherent manner. The permission sought will ultimately assist the jury in understanding the evidence, something clearly permitted pursuant to Fed.R.Evid. 611. The two segments of SA Carter's testimony will not overlap, and there will be no prejudice to the Defendants.

**III.   Conclusion**

For the foregoing reasons, the Court should allow the United States to recall

F.B.I. case agent Steven Carter during its case-in-chief.

Dated:  September 11, 2013, at Honolulu, Hawaii.

                Respectfully submitted,

                FLORENCE T. NAKAKUNI
                United States Attorney
                District of Hawaii

                 /s/ Michael Nammar
                MICHAEL NAMMAR
                Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically by CM/ECF:

| | |
|---|---|
| RUSTAM BARBEE, ESQ.<br>rustam@honoluluattorney.com<br>Attorney for Defendant<br>MAHEALANI VENTURA-OLIVER | September 11, 2013 |
| RICHARD D. GRONNA, ESQ.<br>rgronna@hawaii-personal-injury.com<br>Attorney for Defendant<br>PILIALOHA K. TEVES | September 11, 2013 |

DATED: September 11, 2013, at Honolulu, Hawaii.

/s/ Michael Nammar
MICHAEL NAMMAR
Assistant U.S. Attorney