FLORENCE T. NAKAKUNI 2286
United States Attorney
District of Hawaii

LAWRENCE L. TONG 3040
MICHAEL D. NAMMAR
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Larry.Tong@usdoj.gov
         Michael.D.Nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00503 JMS |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | SUPPORT OF REQUEST TO HAVE TWO |
| vs. | ) | CASE AGENTS PRESENT AT TRIAL; |
| | ) | CERTIFICATE OF SERVICE |
| MAHEALANI VENTURA-OLIVER, (01) | ) | |
| PILIALOHA K. TEVES,      (03) | ) | TRIAL:  October 1, 2013 |
| | ) | JUDGE:  J. Michael Seabright |
| Defendants. | ) | |
| | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF
REQUEST TO HAVE TWO CASE AGENTS AT TRIAL

This case involves involves two related yet separate

conspiracies.  Defendants Mahealani Ventura-Oliver and Pilialoha

Teves are charged with conspiring to commit mail fraud, and to

use fictitious obligations (count 1), and with substantive

counts of mail fraud (counts 2-16).  The charges grow out of the

marketing of a debt elimination scheme, whereby the defendants said they could teach people how to use "bonds" drawn on the United States Treasury to pay off their mortgages. In return for the payment of a fee, the defendants provided "bonds" supposedly drawn on accounts maintained at the Treasury Department. The defendants advised their victims to send the documents, via certified mail, to their lenders and other debtors to satisfy their debt. The victims attempted to use the process promoted by the defendants, but the lenders and creditors refused to accept the purported bonds in payment of debts. All told, the defendants collected approximately $468,000 in fees for the preparation of documents which proved worthless.[1]

Defendant Ventura-Oliver is also charged with conspiring with her estranged husband, John Oliver, to submit false claims to the Internal Revenue Service seeking tax refunds to which they were not entitled (count 18), and with one substantive count of submitting a false claim (count 25). As part of the debt elimination scheme, Ventura-Oliver and Oliver told their victims that they could use IRS documents to claim a

---

[1] Ventura-Oliver is also charged with a money laundering violation under 18 U.S.C. § 1957, growing out of her use of $10,580.59 of the proceeds derived from the debt elimination scheme to pay a credit card debt (count 17).

refund based on the supposed elimination of their debts.  The tax aspect of the scheme involved the preparation of a series of IRS documents (1099-OID forms, 1096 transmittal forms, 1040-V payment vouchers, and Form 56 Fiduciary documents) which purported to show the payment of amounts to debtors, and then the use of tax returns and documents to claim refunds.  Many of Ventura-Oliver and Oliver's victims used these forms, and sent them to various entities, including their creditors and the IRS.

The investigation of this case was conducted by the FBI, IRS and United States Postal Inspection Service.  Each agency was primarily responsible for investigating the criminal violations falling within its jurisdiction.  The FBI thus was primarily responsible for the debt elimination aspects of the case, and the IRS handled the tax aspects of the case.  The Postal Inspection Service provided additional support as needed. The investigation spanned several years, and resulted in the recovery of voluminous documents from disparate sources.  During the discovery phases of this case, the government turned over approximately 60,000 pages of documents.

The government requests that the court allow it to have two case agents present throughout the trial of this case. Rule 615 of the Federal Rules of Evidence provides:

>  At a party's request, the court must order
>  witnesses excluded so that they cannot hear
>  other witnesses' testimony ... But this rule
>  does not authorize excluding:
>
>  * * *
>
>  (b) an officer or employee of a party that
>  is not a natural person, after being
>  designated as the party's representative by
>  its attorney;
>
>  (c) a person whose presence a party shows to be
>  essential to presenting the party's claim or
>  defense[.]

In criminal cases, the government may designate a law enforcement officer as a "case agent" who is exempt from the witness exclusion rule under Rule 615(b).  United States v. Valencia-Riascos, 696 F.3d 938, 941-42 (9th Cir. 2012).  In this case, the government designates SA Steven Carter of the FBI as its case agent.  The government intends to have SA Carter sit at counsel's table throughout trial, and also testify as to his investigative work.

Because the case also involves tax charges, the government requests permission to have SA Malia Dougan of the IRS sit at counsel's table during trial.  The government submits that SA Dougan should be exempt from sequestration under Rule 615(c) as a person whose presence is "essential" to the presenting the prosecution's case.  The tax scheme promoted by the defendants was complex, and resulted in the generation of

4

voluminous IRS documents, some of which were filed, and others of which were diverted to the IRS "Frivolous Filing" section. During the investigation of the case, SA Dougan learned that the filings were based on a so called "straw man" theory initially promoted on the mainland.  The scheme advocates that individuals receive credit upon their birth, and the government uses this credit for its advantage.  According to the theory, the use of tax documents allows individuals to adjust the credits used on their behalf, and to claim refunds for any excess payments. As a result of her investigation, SA Dougan has intimate familiarity with the tax evidence in the case, and knowledge not possessed by the prosecutors or other agents in the case.[2]

There is authority under which the court may exempt two case agents from the witness exclusion rule under both Rule 615(b) and (c).  In United States v. Alvarado, 647 F.2d 537 (5th Cir. 1981), for example, the district court allowed two Drug Enforcement Administration agents to be present throughout trial.  On appeal, the defendants argued that "Rule 615 permits the excusal of only one Government investigative agent from its

---

[2] Postal inspector Andrew Cha also participated in the investigation of the case.  The government does not seek to have Inspector Cha serve as a case agent.  Instead, we will call Inspector Cha early in the case (if at all), and then ask him to be present in court to assist the trial team.

sequestration requirements." Id. at 540.  The Fifth Circuit
rejected this claim, as follows.

> The appellants have misconstrued the
> rule by stating that it allows only one
> agent to be excused from its purview.  We
> find that the decision as to how many will
> be excused from sequestration is just as
> discretionary with the trial judge as who
> will be excused.

Id.  The Court found that the trial court had not abused its
discretion in allowing both agents to be present throughout
trial.

In United States v. Jackson, 60 F.3d 128 (2d Cir.
1995), the district court allowed three agents to serve as case
agents during a trial.  On appeal, the defendants relied on
other circuit cases holding that the government may exempt only
one agent under each subprovision of Rule 615.  The Second
Circuit disagreed, noting, "[w]hile we would expect it to be the
rare case when a district judge exempts more than one witness
under a particular subprovision of Rule 615, we hold that a
district court has discretion to do so." Id. at 134.  The Court
cautioned that, in deciding whether to exempt a witness from
sequestration, a trial court should consider various factors,
including the centrality of the witness' testimony, and whether
the testimony would overlap with other testimony or be subject
to tailoring.  Id. at 135.  On the facts before it, the Second

Circuit found that the trial court had not articulated a reason why more than one agent was necessary, but that the error was harmless.

In this case, the government will present evidence of two separate conspiracies.  The first conspiracy involved the marketing, creation and sale of fictitious obligations, which supposedly could eliminate debts.  The second conspiracy involved the usage of the fictitious obligations as a predicate for the filing of a series of tax documents seeking tax refunds. The case is complex, and will involve the presentation of voluminous documents over the course of several weeks.  While SA Carter will be the government's case agent, he was not primarily responsible for conducting the investigation underlying the tax charges.  SA Dougan is the person most knowledgeable about the tax conspiracy, and is uniquely able to assist in the presentation of the government's evidence.

The government also submits that allowing SA Dougan to serve as a case agent will not result in any prejudice to the defendants.  While SA Dougan may be a witness, her testimony will be narrowly focused.  The government anticipates SA Dougan will testify only to the recovery of certain documents during a search of the defendants' offices, and the recovery of cash and collectible coins from Lehua Hoy and Petro Hoy.  None of this

7

evidence is expected to be disputed.  SA Dougan's testimony is not likely to overlap with that of other witnesses, and would not be influenced by testimony which she would hear if permitted to remain in court throughout all proceedings.  Under the circumstances, defendants will not be prejudiced by allowing SA Dougan to remain in court during all proceedings.

For the reasons stated, the government asks the court to exercise its discretion and allow both SA Carter and SA Dougan to remain in the court throughout trial, and be exempt from the witness exclusion rule.

DATED:  Honolulu, Hawaii, September 26, 2013.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

/s/ Lawrence L. Tong
_____
LAWRENCE L. TONG
MICHAEL D. NAMMAR
Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

RUSTAM BARBEE, ESQ.                    September 26, 2013
rustam@honoluluattorney.com
Attorney for Defendant
MAHEALANI VENTURA-OLIVER (01)

RICHARD D. GRONNA, ESQ.                September 26, 2013
rgronna@hawaii-personal-injury.com
Attorney for Defendant
PILIALOHA K. TEVES (03)

        DATED:  September 26, 2013, at Honolulu, Hawaii.


                              /s/ Iris Nagao
                              _____
                              Iris Nagao