RUSTAM A. BARBEE  #5655
Attorney at Law
1188 Bishop St., Suite 2606
Honolulu, Hawaii 96813
Telephone: (808) 524-4406
Facsimile:  (808) 524-4306
E-mail: Rustam@HonoluluAttorney.com

Attorney for Defendant
MAHEALANI VENTURA-OLIVER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 11-00503 JMS-01 |
|---|---|
| Plaintiff, | ) |
| | ) DEFENDANT VENTURA- |
| | ) OLIVER'S MOTION IN LIMINE |
| vs. | ) TO EXCLUDE IRRELEVANT, |
| | ) IMMATERIAL AND PREJUDICIAL |
| MAHEALANI VENTURA-OLIVER, | ) EVIDENCE; |
| | ) DECLARATION OF COUNSEL; |
| Defendant. | ) CERTIFICATE OF SERVICE |
| | ) |

**DEFENDANT VENTURA-OLIVER'S MOTION IN LIMINE
TO EXCLUDE IRRELEVANT, IMMATERIAL AND
PREJUDICIAL EVIDENCE**

I.  Introduction

Defendant, MAHEALANI VENTURA-OLIVER, by her attorney, Rustam A. Barbee, respectfully requests that the Court exclude prejudicial evidence of certain acts allegedly committed by the defendant or co-defendants on the ground that said evidence is irrelevant, immaterial and that its probative value

is outweighed by the danger of unfair prejudice under Rules 402 and 403 of the Federal Rules of Evidence.

## II. Discussion

The government's exhibit list contains documents intended to prove that Defendant and her co defendants John D. Oliver and Pilialoha Teves amassed large amounts of cash and purchased precious metals, coins, jewelry and motor vehicles using funds obtained from participants in a debt assistance program.[1] The government's witness list likewise lists the custodians of records to show the purchases. The defense submits that permitting the introduction of this evidence would constitute reversible error.

Rule 402 plainly provides that: "Evidence which is not relevant is not admissible". Here, the cash retained by the defendants and purchases allegedly made are clearly neither relevant nor material to the charges specified against Ventura-Oliver.

Furthermore, even assuming arguendo that the evidence is somehow relevant, the unfair prejudice in permitting these matters to be considered by the

---

[1] Government's Exhibits No. 30-California Numismatics Sales Order Insights for John D. Oliver; No. 30A-Photo 2 black bags, 2 CNI bags, 3 trays of coins; 30B-Photo of coins; 30C-photo of unopened bags; No. 31-Photo of safe exterior; and, No. 31A-Photo of safe interior. The government's witness list includes a Edgar Hom or C/R, California Numismatics and Jim Wheeler or C/R Kitagawa Motors dba Island Auto Center.

jury outweighs any speculative probative value as to proving the charges alleged against Ventura. Rule 403 provides that relevant evidence **"may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."** Rule 403, Federal Rules of Evidence.

"Unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.". United States v. Allen, 341 f.3d 870, 886 (9th Cir. 2003) (quoting Fed. R. Evid. 403, Advisory Committee Notes). See also Old Chief v. United States, 519 U.S. 172, 184, (997) ("The term 'unfair prejudice' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

Here, the danger of prejudice is great. The jury would improperly be allowed to consider the defendants retention of large amounts of cash and purchases of precious metals, jewelry and motor vehicles in reaching a determination of guilt on a theory that the defendants are bad people for amassing cash and using participants funds from distressed homeowners to purchase luxury items for themselves; acts which will stir an emotion response from the jury.

3

Similarly, the introduction of this evidence will almost certainly lead to confusion over the jury's consideration of issues and mislead them into believing that they may substitute proof of uncharged conduct for reasonable doubt

In reality, the government seeks to introduce this evidence at trial in order to show proof of bad character. Permitting the government to delve into this prejudicial, and confusing issue will risk reversal should the government prevail in convincing the jury to convict on a theory that the defendants are bad persons. The prosecution show not be allowed to "waft....unwarranted innuendo into the jury box." United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir. 1985).

### III. Conclusion

For all the above-stated reasons, and in the interests of justice and in having a fair trial, this Court should exclude from trial, evidence that Defendant and her co defendants John D. Oliver and Pilialoha Teves amassed large amounts of cash and purchased precious metals, coins, jewelry and motor vehicles using funds obtained from participants in a debt assistance program.

DATED: Honolulu, Hawaii, OCTOBER 7, 2013

RUSTAM A. BARBEE
Attorney for Defendant
MAHEALANI VENTURA-OLIVER