AO 245B     (Rev. 6/05) Judgment in a Criminal Case
            Sheet 1

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 17 2014

at 2 o'clock and 54 min. P M.
SUE BEITIA, CLERK

(SOR Served USPO +
USA

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**MAHEALANI VENTURA-OLIVER**

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   1:11CR00503-001
USM Number:    13663-022
BRADLEY L. HENRY, ESQ.
MEGAN K. KAU, ESQ.
Defendant's Attorneys

**THE DEFENDANT:**

[ ]   pleaded guilty to count(s): ___.
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[✔]   was found guilty on count(s) 1-18, and 25 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| See next page. | | | |

    The defendant is sentenced as provided in pages 2 through _8_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

    It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

December 1, 2014
Date of Imposition of Judgment

/s/ Michael
Signature of Judicial Officer

**J. MICHAEL SEABRIGHT**, United States District Judge
Name & Title of Judicial Officer

December 17, 2014
Date

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 1A

CASE NUMBER:      1:11CR00503-001                                          Judgment - Page 2 of 8
DEFENDANT:        MAHEALANI VENTURA-OLIVER

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 514, 1341, and 371 | Conspiracy to Create and Utter Fictitious Obligations and to Commit Mail Fraud | 2/2011 | 1 |
| 18 U.S.C. § 1341 | Mail Fraud | 6/27/2008 | 2 |
| 18 U.S.C. § 1341 | Mail Fraud | 6/27/2008 | 3 |
| 18 U.S.C. § 1341 | Mail Fraud | 6/27/2008 | 4 |
| 18 U.S.C. § 1341 | Mail Fraud | 7/28/2008 | 5 |
| 18 U.S.C. § 1341 | Mail Fraud | 7/28/2008 | 6 |
| 18 U.S.C. § 1341 | Mail Fraud | 8/25/2008 | 7 |
| 18 U.S.C. § 1341 | Mail Fraud | 9/15/2008 | 8 |
| 18 U.S.C. § 1341 | Mail Fraud | 9/21/2008 | 9 |
| 18 U.S.C. § 1341 | Mail Fraud | 9/23/2008 | 10 |
| 18 U.S.C. § 1341 | Mail Fraud | 10/01/2008 | 11 |
| 18 U.S.C. § 1341 | Mail Fraud | 10/15/2008 | 12 |
| 18 U.S.C. § 1341 | Mail Fraud | 11/04/2008 | 13 |
| 18 U.S.C. § 1341 | Mail Fraud | 11/19/2008 | 14 |
| 18 U.S.C. § 1341 | Mail Fraud | 12/23/2008 | 15 |
| 18 U.S.C. § 1341 | Mail Fraud | 2/20/2009 | 16 |
| 18 U.S.C. § 1957 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 11/21/2008 | 17 |
| 18 U.S.C. §§ 287 and 371 | Conspiracy to File False Claims | 5/2009 | 18 |
| 18 U.S.C. § 287 | Filing a False Claim | 12/03/2008 | 25 |

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

CASE NUMBER:     1:11CR00503-001           Judgment - Page 3 of 8
DEFENDANT:   MAHEALANI VENTURA-OLIVER

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: SEVENTY-EIGHT (78) MONTHS

This term consists of SIXTY (60) MONTHS as to each of Counts 1, 18, and 25, SEVENTY-EIGHT (78) MONTHS as to each of Counts 2-17, with all such terms to run concurrently.

[✔]     The court makes the following recommendations to the Bureau of Prisons:
1) Victorville, CA. 2) West coast facility. Vocational and educational training.

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before _ on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                                       UNITED STATES MARSHAL

                               By  _____
                                            Deputy U.S. Marshal

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:11CR00503-001 | Judgment - Page 4 of 8 |
| DEFENDANT: | MAHEALANI VENTURA-OLIVER | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: THREE (3) YEARS

This terms consists of THREE (3) YEARS as to each of Counts 1 through 18, and 25, with all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[✔]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register in person with the state sex offender registration agency in the jurisdiction where the defendant resides, works, or is a student within 3 business days after being sentenced or after being released from custody pursuant to the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006). For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.(Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

**STANDARD CONDITIONS OF SUPERVISION**
1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
             Sheet 3 - Supervised Release

CASE NUMBER:    1:11CR00503-001                                          Judgment - Page 5 of 8
DEFENDANT:      MAHEALANI VENTURA-OLIVER

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

2. Restitution of $424,534.68 is due in the amounts owed to the victims identified in the Revised Attachment A to the Presentence Report, to be paid jointly and severally with codefendants Pilialoha K. Teves, John Oliver, and Leatrice Lehua Hoy (only as to those victims for whom they have been ordered to pay restitution). Beginning 30 days after release, defendant shall pay 10 percent of her gross monthly income towards restitution. Any unpaid balance is to be paid during the period of supervision according to that schedule. The defendant shall submit documents requested by the Probation Office that would assist the Court in determining an appropriate payment schedule at the start and during the term of supervision. The defendant's financial circumstances shall be reviewed by the Probation Office on at least an annual basis. The offender shall notify the Probation Office any change in the defendant's financial circumstances that affect the defendant's ability to pay. Interest is waived while the defendant is serving any term of imprisonment and shall begin accruing on any remaining balance, commencing 30 days after the start of supervision. Payments shall be made by payroll deduction, when applicable.

3. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation, as directed by the Court.

4. The defendant shall execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

5. The defendant is prohibited from incurring credit charges and lines of credit without the prior approval of the Probation Office, until restitution is paid in full.

6. The defendant shall provide to the Probation Office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant and any business owned, in whole or in part, by the defendant.

7. The defendant shall maintain a single personal bank account, separate and apart from her spouse, any family member or others, into which all income, financial proceeds, and gains shall be deposited and from which all expenses be paid.

8. The defendant shall provide the Probation Office with access to any and all business records, financial records, client lists and other records, pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Office.

9. The defendant shall submit her person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of her supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245 B     (Rev. 6/05) Judgment in a Criminal Case
               Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:     1:11CR00503-001                                                  Judgment - Page 6 of 8
DEFENDANT:      MAHEALANI VENTURA-OLIVER

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 1,900.00 | $ 0 | $ 424,534.68 |

[ ]    The determination of restitution is deferred until    . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[✔]    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Please see attached revised attachment "A" | | | |
| **TOTALS** | $ _ | $ _ | |

[ ]    Restitution amount ordered pursuant to plea agreement    $ _

[ ]    The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]      The court determined that the defendant does not have the ability to pay interest and it is ordered that:

       [ ]     the interest requirement is waived for the         [ ] fine      [ ] restitution

       [✔]     the interest requirement for the    [ ] fine      [✔] restitution is modified as follows:

       Interest is waived while the defendant is serving any term of imprisonment and shall begin accruing on any remaining balance, commencing 30 days after the start of supervision.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 6 - Schedule of Payments

CASE NUMBER:    1:11CR00503-001                                     Judgment - Page 7 of 8
DEFENDANT:      MAHEALANI VENTURA-OLIVER

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
              [ ]       not later than _ , or
              [ ]       in accordance    [ ] C,    [ ] D,    [ ] E, or [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with     [ ] C,    [ ] D, or [✔] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties:

              Restitution of $424,534.68 is due in the amounts owed to the victims identified in the Revised Attachment A to the Presentence Report, to be paid jointly and severally with codefendants Pilialoha K. Teves, John Oliver, and Leatrice Lehua Hoy (only as to those victims for whom they have been ordered to pay restitution). Beginning 30 days after release, defendant shall pay 10 percent of her gross monthly income towards restitution. Any unpaid balance is to be paid during the period of supervision according to that schedule. The defendant shall submit documents requested by the Probation Office that would assist the Court in determining an appropriate payment schedule at the start and during the term of supervision. The defendant's financial circumstances shall be reviewed by the Probation Office on at least an annual basis. The offender shall notify the Probation Office any change in the defendant's financial circumstances that affect the defendant's ability to pay. Interest is waived while the defendant is serving any term of imprisonment and shall begin accruing on any remaining balance, commencing 30 days after the start of supervision. Payments shall be made by payroll deduction, when applicable.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate. See Next Page

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[✔]    The defendant shall forfeit the defendant's interest in the following property to the United States:

       See the list of properties identified in the attached preliminary order of forfeiture filed June 13, 2014, which is incorporated herein by reference.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B      (Rev. 6/05) Judgment in a Criminal Case
             Sheet 6A - Schedule of Payments

CASE NUMBER:      1:11CR00503-001                                    Judgment - Page 8 of 8
DEFENDANT:        MAHEALANI VENTURA-OLIVER
                  ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 1:11CR00503-003 Pilialoha K. Teves | | $331,263.04 | see attached revised attachment A |
| 1:11CR00503-002 John Oliver | | $424,534.68 | see attached revised attachment A |
| 1:11CR00503-001 Leatrice Lehua Hoy | | $65,787.00 | see attached revised attachment A |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.