PROB 12C
(Rev 04/17 D/HI)

# United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Feb 01, 2022**
MICHELLE RYNNE, CLERK

### REQUEST FOR COURSE OF ACTION
*(Statement of Alleged Violations of Supervised Release)*

Subject:   MAHEALANI VENTURA-OLIVER   Case No.: CR 11-00503JMS-01

Name of Sentencing Judicial Officer:   The Honorable J. Michael Seabright
Chief U.S. District Judge

| | |
|---|---|
| Original Offense: | Count 1: Conspiracy to Create and Utter Fictitious Obligations and to Commit Mail Fraud, a Class D felony |
| | Counts 2 through 16: Mail Fraud, Class C felonies |
| | Count 17: Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity, a Class C felony |
| | Count 18: Conspiracy to File False Claims, a Class D felony |
| | Count 25: Filing a False Claim, a Class D felony |
| Date of Original Sentence: | 12/01/2014 |
| Original Sentence: | 60 months imprisonment as to each of Counts 1, 18, and 25; and 78 months as to each of Counts 2 through 17; all terms to be served concurrently; to be followed by 3 years supervised release as to each of Counts 1 through 18, and 25, all terms to be served concurrently. |
| Order: | On 02/09/2018, the Court granted a Motion to Change Restitution Victim and issued an Order directing the Clerk's Office to change the restitution victim from Herbert and Bernadette W. to Tracy W. |
| Order: | On 01/28/2019, the Court granted a Motion to Change Restitution Victim and issued an Order directing the Clerk's Office to change the restitution victim from David and Francisco L. to Donald I. and Francisco L. |

Current Term of Supervision Commenced:  07/19/2019

PROB 12C
(Rev 04/17 D/HI)

## NONCOMPLIANCE SUMMARY

The subject has not complied with the following condition(s) of supervision:

1. Ms. Ventura-Oliver failed to submit a truthful and/or complete Monthly Supervision Report for the months of September 2021 and October 2021, in violation of Standard Condition 2.

2. Ms. Ventura-Oliver failed to notify the probation officer ten days prior to a change in employment at The Home Depot, in violation of Standard Condition 6.

3. Ms. Ventura-Oliver failed to notify the probation officer ten days prior to a change in employment at Coldwell Banker Island Properties, in violation of Standard Condition 6.

4. Ms. Ventura-Oliver obtained two bank accounts, in addition to her checking account, in violation of Special Condition 7.

5. Ms. Ventura-Oliver obtained at least six credit cards and/or lines of credit (charge accounts) without the prior approval of the probation officer, in violation of Special Condition 5.

6. Ms. Ventura-Oliver failed to pay all of her personal expenses from a single bank account, in violation of Special Condition No. 7.

7. On 12/29/2021, Ms. Ventura-Oliver failed to follow the instructions of the probation officer issued on 12/17/2021, in violation of Standard Condition No. 3 and Special Condition No. 4.

8. On 01/14/2022, Ms. Ventura-Oliver failed to follow the instructions of the probation officer issued on 01/04/2022, in violation of Standard Condition No. 3 and Special Condition No. 4.

## PETITIONING THE COURT

To issue a Summons and that the subject appear before the Court to show cause why supervision should not be revoked.

## STATEMENT OF FACTS

As background information, Ms. Ventura-Oliver served the remainder of her term of imprisonment at the Mahoney Hale Residential Reentry Center (RRC) on Oahu. While at the RRC, she secured employment at The Home Depot (THD). At the onset of supervised release, she returned to Maui, and resided at her daughter's residence. She was also able to transfer her THD employment to Maui, and continued with this job until approximately November 2021.  In January 2022, Ms. Ventura-Oliver began working at mortuary. She continues to participate in mental health counseling with Action With Aloha via telemedicine.

PROB 12C
(Rev 04/17 D/HI)

**Violation No. 1 - Ms. Ventura-Oliver failed to submit a truthful and/or complete Monthly Supervision Report for the months of September 2021 and October 2021; Violation No. 2 - Ms. Ventura-Oliver failed to notify the probation officer ten days prior to a change in employment at The Home Depot; Violation No. 3 - Ms. Ventura-Oliver failed to notify the probation officer ten days prior to a change in employment at Coldwell Banker Island Properties; Violation No. 4 - Ms. Ventura-Oliver obtained two bank accounts, in addition to her checking account; Violation No. 5 - Ms. Ventura-Oliver obtained at least six credit cards and/or lines of credit (charge accounts) without the prior approval of the probation officer; Violation No. 6 - Ms. Ventura-Oliver failed to pay all of her personal expenses from a single bank account; Violation No. 7 - On 12/29/2021, Ms. Ventura-Oliver failed to follow the instructions of the probation officer issued on 12/17/2021; and Violation No. 8 - On 01/14/2022, Ms. Ventura-Oliver failed to follow the instructions of the probation officer issued on 01/04/2022:**

Pursuant to Standard Condition No. 2, Ms. Ventura-Oliver is required to submit a truthful and complete Monthly Supervision Report (MSR) to the probation officer within the first 5 days of each month. For example, Ms. Ventura-Oliver's September 2021 MSR would be due to the probation officer by no later than 10/05/2021. On 11/19/2021, the Probation Office received Ms. Ventura-Oliver's October 2021 MSR. It is noted that the report was dated by Ms. Ventura-Oliver on 11/14/2021, indicating that the report was a week overdue. Aside from being late, this officer noted that in Part D, the Monthly Financial Statement section of the report, Ms. Ventura-Oliver indicated that she had a checking account with Bank of Hawaii (BOH). No other bank accounts or financial institutions were listed.

In or about December 2021, the Probation Office received Ms. Ventura-Oliver's September 2021 MSR. It is noted that the report was dated by Ms. Ventura-Oliver on 12/14/2021, indicating that the report was two months overdue. Aside from being overdue, this officer noted that in Part D: Monthly Financial Statement, Ms. Ventura-Oliver indicated that she had a checking account with BOH. No other bank accounts or financial institutions were listed.

On 12/13/2021, this officer conducted a virtual home inspection with Ms. Ventura-Oliver. During the inspection, Ms. Ventura-Oliver reported being terminated from her employment with Coldwell Banker Island Properties (CBIP) earlier that day. This officer informed Ms. Ventura-Oliver that the employer the Probation Office had on record for her was THD. Ms. Ventura-Oliver explained that she resigned from her job at THD before Thanksgiving because she was treated unfairly by her supervisor and did not feel appreciated. **(Violation No. 2)** She reported that she began working at CBIP on 12/07/2021 but was laid off because the supervisor did not obtain approval from their corporate office for the position and was later told the position was not needed. **(Violation No. 3)**

Ms. Ventura-Oliver failed to timely inform this officer about her employment ending at THD or about starting her new employment at CBIP. When questioned about these violations, Ms. Ventura-Oliver stated that she planned to report these changes on her November 2021 MSR; which she had not submitted at that point. She was reminded of her supervision requirements, including that she report potential new employment to the probation officer, and acknowledged understanding.

PROB 12C
(Rev 04/17 D/HI)

It is noted that this officer made several calls to THD, and their human resources department, to verify the basis for Ms. Ventura-Oliver's employment ending, without success. However, this officer spoke with a CBIP representative who confirmed Ms. Ventura-Oliver's representations regarding why her position ended.

During the aforementioned virtual contact, Ms. Ventura-Oliver admitted to obtaining a line of credit (LOC) from the Hawaii State Federal Credit Union (HSFCU). Ms. Ventura-Oliver spoke about the financial guidance she received as a student with 101 Financial; a financial education program. While sharing, she stated, "I was able to get a secured line of credit with Kamele's help." Ms. Ventura-Oliver explained that she used $9,200 of her own money to secure the LOC. She went on to explain that the money was earned income and kept the cash in her home. The Probation Office is not alleging a violation for this LOC as it appears that it was secured by Ms. Ventura-Oliver's cash (corroborated by a credit bureau report). However, Ms. Ventura-Oliver also admitted to having an HSFCU checking and savings account, in addition to her aforementioned BOH checking account. This was a violation of Special Condition 7 which required her to maintain a single bank account from which all income, financial proceeds, and gains are to be deposited and from which all expenses be paid. When asked to share more information about the bank accounts, Ms. Ventura-Oliver stated that HSFCU's LOC came with the checking and savings account. **(Violation No. 4)**

Based on Ms. Ventura-Oliver obtaining the LOC and two additional bank accounts, on 12/15/2021, the Probation Office obtained a credit bureau report. The report revealed that during Ms. Ventura-Oliver's term of supervision, and aside from the aforementioned secured LOC, she opened three credit cards, two charge accounts, and was added as an authorized user on an additional credit card as follows:

On 03/03/2020, Ms. Ventura-Oliver opened a Victoria's Secret charge account. The highest credit balance was $200; indicating that she previously incurred credit charges on the account. At the time of the CBR, there was zero balance and a $420 credit limit. **(Violation No. 5)**

On 08/09/2020, Ms. Ventura-Oliver opened a credit card with Credit One Bank. The highest credit balance was $317; indicating that she previously incurred credit charges on the account. At the time of the CBR, there was zero balance and a $550 credit limit. **(Violation No. 5)**

On 11/23/2020, Ms. Ventura-Oliver opened a credit card with Indigo-Celtic Bank. The highest credit balance was $267. At the time of the CBR, there was a $99 balance and a $300 credit limit. **(Violation No. 5)**

On 03/25/2021, Ms. Ventura-Oliver opened a charge account with THD. The highest credit balance was $681. At the time of the CBR, there was a $654 balance and a $750 credit limit. **(Violation No. 5)**

On 11/09/2021, Ms. Ventura-Oliver opened a credit card with Mercury Card Services (FB&T). The highest credit balance was $821. At the time of the CBR, there was a $821 balance and a $3,000 credit limit. **(Violation No. 5)**

The CBR also confirmed that Ms. Ventura-Oliver was an authorized user on a Barclay's credit card that was opened on 01/26/2016 (prior to the start of supervision).

PROB 12C
(Rev 04/17 D/HI)

The highest credit balance was $26,109 and at the time of the CBR, there was a balance of $439 with a credit limit of $38,500.

After reviewing the CBR, this officer encouraged Ms. Ventura-Oliver to be transparent and forthcoming regarding her credit lines and bank accounts. Subsequently, on 12/16/2021, Ms. Ventura-Oliver admitted that she also opened an Oportun credit card, and sent this officer an account statement via text message. The statement indicated that the card had a credit limit of $1,500, with a balance of $459.26. The statement also confirmed that card was used to make purchases totaling $1,259.26 from 11/08/2021 to 11/28/2021. **(Violation No. 5)**

It is noted that Ms. Ventura-Oliver did not request or obtain approval from the Probation Office prior to obtaining any of the aforementioned credit cards or charge accounts. Moreover, she did not obtain approval from the Probation Office prior to being added as an authorized user on another person's credit card; which circumvents the intent of Special Condition No. 5. Additionally, it is noted that Ms. Ventura-Oliver's use of these cards and charge accounts on what appeared to be multiple occasions violated Special Condition No. 7 which required her to pay all of her expenses from a single bank account. **(Violation No. 6)**

On 12/17/2021, this officer received a text message from Ms. Ventura-Oliver reporting that she closed her BOH checking account. She explained that she decided to bank with HSFCU because they provided "a better opportunity to work with my money."

Based on the CBR and Ms. Ventura-Oliver's representations, the Probation Office sought to conduct a more thorough review of her finances and circumstances to determine if she engaged in any further noncompliant behavior. Consequently, on 12/17/2021, this officer sent Ms. Ventura-Oliver an email instructing her to provide several documents by 12/29/2021, including but not limited to the following:
1. November 2021 MSR
2. November 2021 paystubs
3. A copy of the HSFCU LOC application
4. All monthly account statements for the HSFCU LOC since it was obtained
5. All monthly statements for the HSFCU checking and savings accounts since they were opened
6. Indigo-Celtic Bank credit card statement
7. Statements for any other bank accounts and credit lines opened
8. Last BOH account statement

On 12/21/2021, the Probation Office received a photo copy of an HSFCU receipt from Ms. Ventura-Oliver. The receipt was dated 09/11/2021 and showed a $20 withdrawal from an account ending in 779. As discussed below, although the Probation Office has been unable to verify the exact date that Ms. Ventura-Oliver opened her HSFCU checking and savings accounts, this receipt evidences that these accounts were open at least as early as September 2021. Therefore, the September and October 2021 MSRs submitted by Ms. Ventura-Oliver were untruthful and/or incomplete in that she failed to report these bank accounts on the reports. **(Violation No. 1)** Ms. Ventura-Oliver also failed to provide copies of these account statements with her MSRs which she knew was a requirement given that she was previously submitting her BOH account statements with her MSRs.

By 12/29/2021, Ms. Ventura-Oliver had submitted several documents that were

PROB 12C
(Rev 04/17 D/HI)

included in this officer's aforementioned instructions. However, she failed to follow this officer's instructions to provide her HSFCU LOC account statements; HSFCU checking and savings account statements; and Indigo-Celtic Bank credit card statement. **(Violation No. 7)** Consequently, on 12/30/2021, this officer re-instructed Ms. Ventura-Oliver to submit the outstanding documents by 01/07/2022.

On 01/04/2021, this officer completed a telephone contact with Ms. Ventura-Oliver to further discuss with her about the reasons/explanation for her noncompliant behavior. During the call, Ms. Ventura-Oliver stated that she opened credit accounts to build her credit. In this regard, she stated that her financial mentor and Experian recommend that every individual should have at least three credit cards to use and to build credit. Further, she indicated that she wanted to do things "the right way" and decided to work on building her credit to set herself up for financial success. Ms. Ventura-Oliver also provided the following rationale/explanations for each of the credit accounts she obtained:

Ms. Ventura-Oliver indicated that she opened the Victoria's Secret charge account because the store offered a good promotion which included reward points. She was also under the impression that store credit cards were not prohibited because their use was restricted to that store and the card and credit could not be used elsewhere.

Ms. Ventura-Oliver indicated that the Credit One Bank and Indigo-Celtic Bank credit cards were secured credit cards, and that she used her own money to obtain the credit lines. Consequently, she did not believe they were prohibited by her conditions. It is noted that the CBR did not denote these cards to be secured credit cards; unlike the aforementioned HSFCU LOC which was specifically identified as a "Credit Line Secured."

Ms. Ventura-Oliver indicated that she opened the THD charge account because she needed to purchase a large appliance for her home but could not afford it. She noted that the card had a no interest fee for the first 6 months and stated that she did not think a store credit card was a "regular credit card" and stated, "my bad."

Ms. Ventura-Oliver explained that the Mercury Card Services (FB&T) credit card had a good offer, and she wanted another card to boost her credit. She went on to explain that she momentarily "forgot about the credit restriction," and how the Court prohibited her from obtaining new credit. Further, she admitted to using $1,950 of that credit for a teeth-straightening program by the Smile Direct Club. She stated that she needed this card to pay for her teeth straightening program as the Smile Direct Club only accepts credit card payments.

Ms. Ventura-Oliver indicated that the Barclay's credit card belonged to her 101 Financial mentor Renee "Kamele" Molina, and that Molina added Ms. Ventura-Oliver as an authorized user without her knowledge. Ms. Ventura-Oliver denied having access to the credit card but stated that the purpose of being an authorized user on Ms. Molina's credit card was to increase her credit score.

On 01/04/2022, this officer sent Ms. Ventura-Oliver an email with a revised list of documents to be submitted to the Probation Office by 01/14/2022 as follows:
    1. All monthly statements for the HSFCU checking account since it was opened
    2. All monthly statements for the HSFCU savings account since it was opened

PROB 12C
(Rev 04/17 D/HI)

3. All monthly account statements for the HSFCU LOC since it was obtained
4. Documentation confirming that the BOH account was closed
5. All monthly statements for the Credit One Bank credit card since it was opened
6. All monthly statements for the Victoria's Secret charge account since it was opened
7. All monthly statements for the Mercury Card Services (FB&T) credit card since it was opened
8. All monthly statements for the THD charge account since it was opened
9. All monthly statements for the Indigo-Celtic Bank credit card since it was opened

Ms. Ventura-Oliver failed to provide any of the requested documents by the 01/14/2022 deadline. **(Violation No. 8)** However, on 01/18/2022, the Probation Office received a copy of Ms. Ventura-Oliver's BOH checking account statement for the period from 11/26/2021 to 12/17/2021. The statement confirmed a zero balance on 12/17/2021, suggesting that Ms. Ventura-Oliver had withdrawn her available balance to close the account as she previously reported on 12/17/2021.

On 01/25/2022, this officer spoke to Ms. Ventura-Oliver via telephone regarding her failure to submit the requested documents by 01/14/2022. Ms. Ventura-Oliver stated that she did not see this officer's email. She subsequently reviewed this officer's email and stated that she already submitted the requested documents to the Probation Office. This officer explained to Ms. Ventura-Oliver that the instructions requested all monthly statements from the opening of the accounts to till the most recent statements received. Ms. Ventura-Oliver agreed to submit the requested documents to the Probation Office by 01/31/2022.

On 01/26/2021, this officer spoke to Ms. Molina who confirmed that Ms. Ventura-Oliver was her 101 Financial program student, and that Ms. Ventura-Oliver was an authorized user on Ms. Molina's Barclay's credit card account but that she did not have access to the account. Ms. Molina reported that Ms. Ventura-Oliver was listed as an authorized user to increase her credit score. Further, Ms. Molina indicated that she asked Ms. Ventura-Oliver for permission to be designated as an authorized user on the credit card account and that Ms. Ventura-Oliver was aware of this.

On 01/31/2022, Ms. Ventura-Oliver sent a text message to this officer with a screenshot of her HSFCU bank accounts. The screenshot reflected that she was in possession of, or had access to, her HSFCU bank account statements for the months of September 2021 through December 2021. She also provided screenshots of her monthly statement summaries for account ending in 7750 and account ending in 7779. The screenshots provided information of the beginning balance, ending balance, amount of debits, credits, and YTD Dividends for the months of September 2021 through December 2021. However, these screenshots were not actual statements that reflected detailed information regarding the nature of her deposits/withdrawals from each account.

Ms. Ventura-Oliver also submitted her Credit One Bank credit card monthly statements from August 2020 to January 2022; along with her Mercury credit card (FB&T) monthly statements from November 2021 to January 2022, as previously requested on 01/04/2022. In addition, Ms. Ventura-Oliver submitted a signed letter with details of her plan of action to mitigate her "after the fact request for use of credit." In

PROB 12C
(Rev 04/17 D/HI)

this regard, she proposed surrendering her credit cards to the Probation Office to hold until she completed her term of supervision, pay the balance and close the LOC, and maintain only one bank account.

As noted above, aside from Ms. Ventura-Oliver not providing her actual statements for her two HSFCU bank accounts, she also failed to submit statements for her HSFCU LOC, Victoria's Secret charge account, THD charge account, or the Indigo-Celtic Bank credit card, as instructed. **(Violation No. 8)**

Ms. Ventura-Oliver's behavior and actions clearly reflect a breach of the Court's trust as evident by her repeated and continuous violations. Ms. Ventura-Oliver's pattern of non-compliance reflects a disregard for the Court's order. Consequently, it is respectfully recommended that the Court issue a Summons for Ms. Ventura-Oliver's appearance before the Court to show cause why supervised release should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 02/01/2022

Respectfully submitted by,

_____
LESI KAPUA
U.S. Probation Officer Assistant

Approved by:

_____
JOHN HISASHIMA
Supervising U.S. Probation Officer

PROB 12C
(Rev 04/17 D/HI)

## ORDER OF THE COURT

THE COURT ORDERS:

☑ The issuance of a Summons and that the subject appear before the Court to show cause why supervision should not be revoked, as recommended by the U.S. Probation Officer.

or

☐ The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

☐ No Action/Other

   Considered and ordered this 1st day of February 2022, and ordered filed and made a part of the records in the above case.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge